Argued and submitted November 8, 1991, affirmed January 22, 1992

In the Matter of the Compensation of
Dale A. Coombe, Claimant.

Dale A. COOMBE,
*Petitioner,*

*v.*

SAIF CORPORATION
and Bear Cat, Inc.,
*Respondents.*

(90-03120; CA A69594)

823 P2d 1037

Robert L. Chapman, Medford, argued the cause for appellant. With him on the brief was Black, Chapman & Webber, Medford.

Steven R. Cotton, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's decision concerning the rate for claimant's temporary total disability benefits. We affirm.

The facts are generally undisputed, although there are many "gaps" in the evidence. Claimant suffered a compensable low back injury in August, 1984, while working for employer as a truck driver. While he was off work due to the back condition, he experienced complications of an unrelated abdominal condition that necessitated surgery. He was off work until April 1, 1986, when he was released for light duty. By a determination order on December 15, 1986, claimant was awarded temporary disability benefits at the rate of $319.03 per week from the time of the back injury through November 17, 1986, and an award of 35 percent permanent partial disability. Claimant did not request a hearing on that order.

Some time after his return to work, claimant experienced a recurrence of the preexisting abdominal condition. As a consequence of that and the compensable back condition, he was unable to work steadily and worked only six days during the ensuing 12 weeks, earning a total of $351.02.

On December 23, 1987, SAIF accepted his claim that the abdominal condition had become compensable. Ultimately, claimant was determined to be permanently and totally disabled as a result of that condition. A June, 1989, determination order on the abdominal condition awarded claimant temporary disability benefits from July 7, 1986, through September 14, 1988, at a rate of $123.04 per week, to be credited against the payments that had already been made for the back injury.[1] The referee concluded that SAIF had

---

[1] The periods of temporary disability from the two injuries overlapped and, pursuant to OAR 436-60-020(5), SAIF paid claimant at the higher rate of $319.03 from July 7, 1986, through November 17, 1986, as concurrent time loss. At the pertinent time, that rule provided:

"When concurrent temporary disability is due the worker as a result of two or more claims involving the same worker, the same employer and the same insurer, the insurer may make a pro rata distribution of compensation due under ORS 656.210 without an order by Compliance. The worker shall receive compensation at the highest temporary disability rate of the claims involved."

Claimant concedes that employer complied with that rule.

properly calculated the wage rate for benefits, and the Board affirmed.

The referee and the Board found that the evidence did not clearly describe claimant's earnings at the time of the second injury, and that finding is not challenged. The evidence shows, however, that, at the time of the second injury, his pay was based both on an hourly wage of $9.00 and 23.5 cents per mile driven and that those amounts had not changed since 1984.

At the relevant time, OAR 436-60-020 provided, as pertinent:

"(6) The rate of compensation for regularly employed workers shall be computed as outlined in ORS 656.210. Monthly wages shall be divided by 4.35 to determine weekly wages. * * *

"(7) Computation of the rate of compensation for workers with minimal earnings and entitled to the lesser amount of 90 percent of wages a week or the amount of $50.00 is as follows: * * *

"(8) The rate of compensation for workers employed with unscheduled, irregular or no earnings shall be computed on the wages determined by this section. The insurer shall resolve situations not covered by ORS 656.210 or this section by contacting the employer and worker to determine a reasonable wage.

"(a) For workers employed on call, paid by piece work or with varying hours, shifts or wages, insurers shall use the worker's average weekly earnings for the previous 26 weeks unless periods of extended gaps exist. When such gaps exists [sic], insurers shall use no less than the previous four weeks of employment to arrive at an average. *For workers employed less than four weeks, or where extended gaps exist within the four weeks, insurers shall use the intent at time of hire as confirmed by the employer and the worker*[.]" (Emphasis supplied.)

The Board viewed this case as fitting within the circumstances described in the emphasized portion of OAR 436-60-020(8)(a), in that extended "gaps" in employment exist within the four weeks preceding claimant's abdominal injury. It found that claimant had not put on sufficient evidence of what the parties intended concerning his wages

when he returned to work after the first injury. Claimant does not dispute that finding, but contends only that the Board used the wrong "time of hire."

We are not persuaded that the provisions of OAR 436-60-020(8)(a) are applicable. We nonetheless affirm the Board, because we conclude that its decision is consistent with ORS 656.210(2)(b)(A), which provides that "[t]he benefits of a worker who incurs an injury shall be based on the wage of the worker at the time of injury." On the basis of information provided by employer and claimant regarding his wages, the Board found that claimant had not met his burden to show that his benefits should be more than the weekly rate of $123.04 that had been paid by SAIF. The record supports that finding.

Affirmed.